# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF NEBRASKA STATE COLLEGES; LATANYA THOMAS, SPECIAL ADMINISTRATOR OF THE ESTATE OF TYLER THOMAS, and JOSHUA KEADLE,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Now come the Plaintiffs, The Travelers Indemnity Company of Connecticut ("Travelers Indemnity") and Travelers Property Casualty Company of America ("Travelers Property Casualty"), and for their Complaint For Declaratory Relief in this action, hereby state as follows:

## THE PARTIES

1.      Travelers Indemnity is a Connecticut corporation engaged in the insurance business with its principal place of business in Connecticut.  It is authorized to and does transact business in the State of Nebraska.

2.      Travelers Property Casualty is a Connecticut corporation engaged in the insurance business with its principal place of business in Connecticut.  It is authorized to and does transact business in the State of Nebraska.  (Travelers Indemnity and Travelers Property Casualty are collectively referred to herein as "Travelers").

3.      Defendant Board of Trustees of Nebraska State Colleges ("the Board") is a public corporation located in the State of Nebraska, and doing business as the governing board for

Nebraska's three public colleges:  Peru State College ("Peru State"); Chadron State College; and Wayne State College.

## JURISDICTION & VENUE

4.      This Court has jurisdiction over the instant action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the adverse parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in the District of Nebraska pursuant to 28 U.S.C. §1391(b)(2) in that events giving rise to this action occurred within the District of Nebraska.

6.      Venue is also proper pursuant to 28 U.S.C. §1391(c) because the Defendant is subject to personal jurisdiction in this District.

## NATURE OF ACTION

7.      This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 for the purpose of determining a question in controversy between the parties.

8.      There is a ripe issue in controversy between the parties hereto with respect to the rights and obligations of the parties under insurance policies issued to the Defendant by the Plaintiffs in connection with a lawsuit filed against the Board by Latanya Thomas, Special Administrator of the Estate of Tyler Thomas, which is pending in the District Court of Nebraska as Case No. 12-cv-00412 ("the *Thomas* Lawsuit").

9.      A judicial determination and a declaration of the rights and obligations of the parties is warranted and appropriate, and there is no adequate remedy at law that will resolve the current controversy.

## FACTUAL ALLEGATIONS

A.      **The Insurance Policies.**

2

10.     Travelers Indemnity issued its Commercial Insurance Policy No. TUE Y-660-183X9478-TCT-10 to the Board for the period from July 1, 2010 to July 1, 2011.  Subject to the terms and conditions set forth therein, the policy provides commercial general liability coverage with limits of $1 million each occurrence and $5 million in the general aggregate (hereinafter "the Travelers Indemnity Policy").  A copy of the Travelers Indemnity Policy is attached hereto as Exhibit A.

11.     Travelers Property Casualty issued its Excess (Following Form) Liability Insurance Policy No. YFS-EX-841K2599-TIL-10 to the Board for the period from July 1, 2010 to July 1, 2011.  The policy is excess over and follows the form of the Travelers Indemnity Policy, and provides limits of $4 million per occurrence or offense and $4 million in the aggregate (hereinafter "the Travelers Property Casualty Policy").  A copy of the Travelers Property Casualty Policy is attached hereto as Exhibit B.  (Collectively, the policies are referred to herein as "the Travelers Policies").

12.     The Travelers Indemnity Policy contains the following relevant provisions:

SECTION I - COVERAGES

COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.     Insuring Agreement

      a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....

      b.     This insurance applies to "bodily injury" and "property damage" only if:

            (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

3

(2)    The "bodily injury" or "property damage" occurs during the policy period....

\*      \*      \*

EXCLUSION - DISCRIMINATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PROVISIONS

1.    COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY is amended by adding the following additional exclusion:

(This Insurance Does not apply to:)

"Bodily injury" resulting from or as a consequence of discrimination, whether intentional or unintentional, based upon a person's sex, sexual preference, marital status, race, creed, religion, national origin, age, physical capabilities, characteristics or condition, or mental capabilities or condition.

2.    COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY is amended by adding the following additional exclusion:

(This Insurance Does not apply to:)

"Personal injury" resulting from or as a consequence of discrimination, whether intentional or unintentional, based upon a person's sex, sexual preference, marital status, race, creed, religion, national origin, age, physical capabilities, characteristics or condition, or mental capabilities or condition.

\*      \*      \*

13.    The Travelers Property Casualty Policy contains the following relevant provisions:

SECTION I - EXCESS (FOLLOWING FORM) LIABILITY COVERAGE

1.    INSURING AGREEMENT.

a.    We will pay on behalf of the insured those sums, in excess of the total amount payable of all the limits shown on the Declarations for the applicable "underlying insurance", that the insured becomes

4

legally obligated to pay as damages because of injury or damage to which this insurance applies and which occurs or is committed during the policy period, provided that the "controlling underlying insurance" also applies, or would apply but for the exhaustion of its applicable limits of insurance.

b.  This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "controlling underlying insurance", except with respect to any provision to the contrary contained in this insurance.

2.  DEFENSE OF CLAIMS OR SUITS.

a.  We will have no duty to defend any claim or suit that any other insurer has a duty to defend.  If we elect to join in the defense of such claims or suits, we will pay all expenses we incur.

b.  We will have the right but not the duty to associate with the insured in the investigation, settlement or defense of any claims or suits which are payable under this insurance but which are not payable under the "underlying insurance" because the "underlying insurance" has been exhausted by the payment of claims....

SECTION V - DEFINITIONS

.   .   .

2.  "Applicable underlying limit" means the amount of insurance stated in the policies of "underlying insurance" in the Declarations or any other available insurance less the amount by which any aggregate limit so stated has been reduced solely due to payment of claims....

4.  "Controlling underlying insurance" means the policy or policies of insurance as stated on the Declarations, including any endorsements to such policies.

5.  "Underlying insurance" means the policies listed in the Schedule of Underlying Insurance and includes any renewal or replacement of such policies.

6.  "Underlying insurer" means any insurer which provides a policy listed in the Schedule of Underlying Insurance.

\*       \*       \*

14. The Travelers Indemnity Policy is listed as "underlying insurance" in the

Schedule of Underlying Insurance of the Travelers Property Casualty Policy.

15.     The Travelers Property Casualty Policy is subject to the same terms, conditions, agreements, exclusions, and definitions as the Travelers Indemnity Policy, including the Exclusion - Discrimination endorsement ("the Discrimination Exclusion") contained in the Travelers Indemnity Policy.

**B.      The *Thomas* Lawsuit.**

16.     The Board is named as a defendant in the *Thomas* Lawsuit.  In plaintiff's Third Amended Complaint, she seeks to recover damages against the Board for violations of Title IX of the Education Amendments Act of 1972, 20 U.S.C. §1681, *et. seq.*, and its implementing federal regulations, 34 C.F.R Part 106 ("Title IX").  A copy of the Third Amended Complaint in the *Thomas* Lawsuit is attached hereto as Exhibit C.

17.     In her Third Amended Complaint, the plaintiff alleges that Tyler Thomas, deceased, was a student at Peru State, a state institution under the governance of the Board pursuant to Article VII of the Nebraska Constitution.  (Exhibit C, Third Amended Complaint, ¶ 6).

18.     In her Third Amended Complaint, the plaintiff alleges that pursuant to 20 U.S.C. §1681, the Board had duties and obligations to Tyler Thomas, which included prohibiting her from being subjected to sexual harassment and sexual assault.  (*Id.*, ¶ 7).

19.     Plaintiff Thomas further alleges that Title IX prohibits discrimination on the basis of sex in educational programs or activities operated by recipients of federal financial assistance and that sexual harassment of students, which includes acts of sexual violence, is a form of sex discrimination prohibited by Title IX.  (*Id.*, ¶ 8).

20.     The Third Amended Complaint states that the Board, acting through its employees, officers, agents, faculty and staff, knowingly failed to act on allegations of sexual harassment by Joshua Keadle ("Keadle"), a student living on campus at Peru State, and showed

6

deliberate indifference and/or a conscious disregard for the harassment and danger created by Keadle on the campus, even though the Board had sufficient and/or actual notice of Keadle's sexual harassment of Tyler Thomas and/or female students on campus. (*Id.*, ¶ 14).

21.     It is further alleged that the Board failed to exercise appropriate measures to protect Tyler Thomas from actions of Keadle and that Tyler Thomas was the victim of assault, abduction, and murder by Keadle on December 3, 2010 while attending Peru State and while walking on campus and attempting to return to her dormitory. (*Id.*, ¶¶ 15, 16).

22.     Plaintiff's Third Amended Complaint includes two causes of action against the Board for violation of Title IX.

23.     In the First Cause of Action against the Board for violation of Title IX, the plaintiff alleges that Tyler Thomas was a 19 year-old female and a member of a protected group, who, because of her gender, was subjected to unwelcomed sexual harassment, sexual violence, rape, and murder by Keadle, a fellow student, while Tyler Thomas was on the campus of Peru State. (*Id.*, ¶ 20).

24.     In her First Cause of Action, the plaintiff contends that the Board had notice of sexual harassment of female students by Keadle prior to Tyler Thomas' abduction, rape, and murder and that the Board knew of outrageous conduct, criminal activity, and misrepresentations by Keadle prior to December 3, 2010. (*Id.*, ¶¶ 23, 50, 53).

25.     The plaintiff claims that the Board's actions and inactions with respect to Keadle were in violation of the Board's duties under Title IX and that Tyler Thomas was a victim of discrimination in activities operated by the Board. (*Id.*, ¶¶ 59, 60).

26.    The plaintiff further contends that the Board's deliberate indifference and/or intentional acts constituted discrimination in violation of Title IX and resulted in the abduction, sexual assault, and murder of Tyler Thomas on December 3, 2010. (*Id.*, ¶¶ 64, 66).

27.    In her Second Cause of Action against the Board for violation of Title IX, the plaintiff alleges that for the reasons stated in her First Cause of Action, the Board violated Tyler Thomas's rights under Title IX, and that the decedent incurred damages for said violations of her rights and suffered conscious pain, suffering, and fear of impending death prior to her death. (*Id.*, ¶ 75).

## COUNT I

## DECLARATORY JUDGMENT

28.    Travelers repeats and realleges the allegations set forth in Paragraphs 1 through 27 as though the same were fully set forth herein.

29.    Travelers Indemnity has been providing the Board with a defense to the *Thomas* Lawsuit subject to reservation of rights.

30.    The Travelers Indemnity Policy contains a Discrimination Exclusion, which states that the insurance does not apply to injury "resulting from or as a consequence of discrimination, whether intentional or unintentional based upon a person's sex…"

31.    The Travelers Property Casualty Policy is subject to the same terms, conditions, agreements, exclusions and definitions as the Travelers Indemnity Policy, including the Discrimination Exclusion.

32.    There is no duty to defend or indemnify the Board under the Travelers Policies in connection with the *Thomas* Lawsuit because the causes of action asserted against the Board seek damages resulting from or as a consequence of discrimination against Tyler Thomas based upon her sex.

33.     Based upon the foregoing, Plaintiffs seek a judicial declaration that there is no duty to defend or indemnify the Board under the Travelers Policies in connection with the *Thomas* Lawsuit.

WHEREFORE, the Plaintiffs, Travelers Indemnity Company and Travelers Property and Casualty Insurance Company, pray for a judgment in their favor and against the Board of Trustees of Nebraska State Colleges, as follows:

A)     For a declaration that Travelers Indemnity Company does not have a duty to defend or indemnify the Board of Trustees of Nebraska State Colleges in connection with the *Thomas* Lawsuit, pending in the United States District Court for the District of Nebraska as Case No. 12-cv-00412;

B)     For a declaration that Travelers Property and Casualty Company does not have a duty to defend or indemnify the Board of Trustees of Nebraska State Colleges in connection with the *Thomas* Lawsuit, pending in the United States District Court for the District of Nebraska as Case No. 12-cv-00412;

C)     For Travelers' attorneys' fees and costs pursuant to law; and

D)     For such other and further relief as the Court deems equitable and just.

Dated this 18ᵗʰ day of November 2014.

THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT AND TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA,
Plaintiffs,

BY: _____
Stephen L. Ahl, #10036
WOLFE, SNOWDEN, HURD, LUERS & AHL,
LLP
Wells Fargo Center
1248 "O" Street, Suite 800
Lincoln, NE 68508
(402) 474-1507

9